815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary Nathaniel LONG, Petitioner-Appellant,
v.
STATE OF MARYLAND, Respondent-Appellee.
 No. 86-7736.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1987.
Decided March 24, 1987.
 
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Gary Nathaniel Long, appellant pro se.
 Valerie Valenti Cloutier, Office of the Attorney General of Maryland, Department of Human Resources, for appellee.
 PER CURIAM:
 
 
 1
 Gary N. Long, a Maryland inmate, seeks to appeal from the district court's order which allowed him to dismiss two claims brought pursuant to 28 U.S.C. Sec. 2254 without prejudice pending exhaustion, but entered judgment for the respondent on all remaining claims. We deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Long's petition originally contained numerous allegations challenging his 1975 conviction of armed robbery and carrying a deadly weapon. The district court dismissed his petition; when Long appealed, however, this Court vacated the judgment of the district court. On remand, the district court was directed (1) to determine whether Long had exhausted his remedies in the state courts with regard to his double jeopardy claim, (2) to allow Long to dismiss his double jeopardy claim without prejudice in order to exhaust it, if necessary, and (3) in the event the double jeopardy claim was dismissed, to allow Long an opportunity to show why the ends of justice would be served if he were permitted to relitigate four claims which the district court had dismissed as successive under Habeas Rule 9 (b) . Long v. State of Maryland, No. 84-6687 (4th Cir., May 28, 1985) (unpublished) .
 
 
 3
 On remand, Long dismissed his double jeopardy claim in order to avoid dismissal of his entire petition as presenting a mixture of exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). After Long had offered his explanation of why he should be permitted to relitigate the four claims earlier dismissed, the district court correctly dismissed as successive the claim that certain extra-judicial identification evidence used at Long's trial was impermissibly suggestive, because Long had alleged no new facts to show that his earlier hearing on the issue was not full and fair, as required by Sanders v. United States, 373 U.S. 1, 16-17 (1963). His claim of ineffective assistance at trial was similarly dismissed.
 
 
 4
 The district court then determined that two of Long's claims (Claim J, ineffective assistance of counsel at a postconviction proceeding, and Claim I, ineffective assistance of counsel on appeal) had not been heard previously on the merits in federal court. The district court properly decided that Claim J was not reviewable, because it alleged a defect in a post-conviction proceeding, rather than challenging the detention itself. Stokley v. Maryland, 301 F. Supp. 653 (D. Md. 1969) ; Noble v. Sigler, 351 F.2d 673, 678 (8th Cir. 1965) , cert. denied, 385 U.S. 853 (1966).
 
 
 5
 Long based his claim of ineffective assistance at his appeal on a ground he had never asserted before--that counsel had failed to raise "the issue concerning the state's use of a surprise witness to the defense." Because this claim, like the double jeopardy claim, was unexhausted, its inclusion would have forced dismissal of Long's entire petition under Rose v. Lundy, supra. The district court accordingly deemed Long to have moved for the dismissal of this claim also, without prejudice, so that he might pursue it in state court. The motion for dismissal was granted.
 
 
 6
 We agree with the district court that all of Long's remaining claims are without merit. Because we also find no error in the dismissal of Long's unexhausted claims, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 7
 DISMISSED.